UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

| | |
|---|---|
| DEANDRE JOHNSON | CIVIL ACTION 1:13-CV-03136 Sec P |
| VERSUS | JUDGE DRELL |
| N. BURL CAIN, WARDEN | MAGISTRATE JUDGE PEREZ-MONTES |

MEMORANDUM ORDER

I. Procedural History

Johnson filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254, contesting his conviction on one count of manslaughter in the Louisiana 12th Judicial District Court in Avoyelles Parish. (Docs. 1, 10, 28). Johnson was sentenced to life imprisonment as a habitual offender. (Doc. 1).

In State v. Johnson, 2006-1263 (La. App. 3d Cir. 2/7/07), 948 So.2d 1229, 1230-31, writs den., 2007-0467, 2007-0509 (La. 10/12/07), 965 So.2d 398-99, the Louisiana Third Circuit Court of Appeal made the following findings of facts in this case:

> The victim, Willous Johnson, went to Defendant's apartment, located in Hessmer, Louisiana, around eleven o'clock at night on December 2, 2004. An altercation occurred between the victim and Defendant at the door when the victim tried to force his way into the apartment. Defendant stabbed the victim in the neck with a kitchen knife. The victim left the doorway, but collapsed and died in the parking lot of the apartment complex. Defendant put the victim's body into the trunk of his live-in girlfriend's car and with her and two children he drove to Baton Rouge where he disposed of the body in a ditch along a country road. The next morning, he sent his girlfriend home. When she arrived back in Hessmer, she contacted the police and led them to the body. Defendant fled to California. He was apprehended ten months later.

A jury convicted Johnson of second-degree murder, and he was sentenced to life imprisonment. See Johnson, 948 So. 3d at 1230. On direct appeal of his conviction, the Louisiana Third Circuit Court of Appeal reversed the conviction, finding the State had failed to prove Johnson had the specific intent to kill the victim, who had been trying to force his way into Johnson's house. See Johnson, 948 So. 3d at 1237-38. The Court of Appeal found "the jury abused its vast discretion in finding that Defendant committed second degree murder," and entered a conviction on the lesser and included offense of manslaughter. See Johnson, 948 So. 3d at 1238.

On remand for resentencing, the District Attorney filed a habitual offender bill and Johnson was re-sentenced to life imprisonment as a fourth felony offender. See State v. Johnson, 2008-0494 (La. App. 3d Cir. 11/5/08), 996 So. 32d 1235, 1236, writ den., 2008-2844 (La. 9/25/09), 18 So. 3d 84.

Johnson raises the following grounds for habeas relief (Docs. 1, 10, 28):

1. The evidence was insufficient to support the amended verdict of manslaughter.

2. Johnson had ineffective assistance of counsel because: (1) counsel failed to object when the prosecution presented a different coroner to testify about the victim's autopsy instead of the coroner who authored the report; (2) counsel failed to present a forensic pathologist to rebut the coroner's testimony; (3) counsel erroneously stipulated to the quantity of drugs and alcohol, marijuana and cocaine in the victim's system without further investigation; (4) counsel failed to investigate the crime scene and thereafter subpoena an expert in the field of decomposition and blood splatter; (5) counsel failed to investigate and call Kevin Jacob as a witness to corroborate the defense that the victim had a gun when Johnson attempted to force his way inside the apartment; and (6) counsel told the jury during his opening statement that petitioner was going to testify, but then failed to place him on the stand.

3. The trial court denied Johnson due process when it refused to grant his request for funding to hire expert witnesses to explain the damage decomposition and insect infestation on the victim's body, and the blood splatter.

Respondent answered the petition and admits Johnson has exhausted his administrative remedies and that his petition is timely (Doc. 30). Johnson filed a reply (Doc. 32).

Respondent filed the state court record without the trial transcript. Subsequent responses revealed that both the trial transcript and the recording of the trial have apparently been lost, given the unsuccessful efforts to recover them to date. (Docs. 35, 38).

## II.   The standard of review when the trial transcript is missing.

Respondent, through counsel of record, was ordered to provide this Court with: (1) a certified copy of the state court record, including transcripts of all proceedings held in the state courts; (2) a certified copy of all documents, including all briefs or memoranda of any party, filed in connection with any appeal, application for post-conviction relief, or writ application presented to any and all state district courts, appellate courts, or the Louisiana Supreme Court; (3) certified copies of, or citations to, all state court dispositions, including the Louisiana Supreme Court decision pertaining to the conviction under attack; and (4) an index describing each item submitted and showing each item's page number (Doc. 19). If unable to do so, Respondent was ordered to explain why (Doc. 19).

Although Respondent filed a copy of some of the state court proceedings in this case, the filing did not include a copy of the trial transcript or an explanation. Respondent also failed to provide an index with consecutive page numbers.[1]

In response to a second order (Doc. 34), Respondent shows the trial was transcribed for appeal but that both the transcript was lost thereafter. Respondent submitted a new record with page numbers and an index. However, although the index lists exhibits through page 1433, the State submitted a record that was only about 500 pages long.

In response to a third order to provide a trial transcript and the evidence adduced at trial, Respondent shows the recording of the trial is also lost, so a new transcript cannot be made (Doc. 38).

Insofar as Johnson's claims were adjudicated on the merits in the state courts, the Anti-Terrorism and Effective Death Penalty Act of 1996, 110 Stat. 1214 (eff. 4/24/1996) ("AEDPA"), bars the federal district court from granting habeas relief absent a determination that the state court adjudication was contrary to or involved an unreasonable application of clearly established federal law, or was based on an unreasonable determination of the facts in light of the evidence adduced in the state court proceeding. See Register v. Thaler, 681 F.3d 623, 626–27 (5th Cir. 2012).[2]

---

[1] Respondent provided an index that has page numbers for about half of the exhibit, and then states the remainder of the record is not in the index because it does not have page numbers. (Doc. 33-3). Respondent is responsible for putting consecutive page numbers on the chronologically-arranged exhibits, starting with page one for the first page of the first volume and ending with the last page of the last volume.

[2] In Register, 681 F.3d at 625, the court set forth the sequence of events: "Because Register waived his right to a direct appeal, when he requested a copy of his trial transcript prior to filing his state habeas petition, the state court refused to provide him with one. In its answer

Therefore, Johnson is not entitled to habeas relief based solely on the fact that the record is insufficient to conduct the review required by 28 U.S.C. § 2254(d). See Register, 681 F.3d at 626–27.

At the same time, the state cannot "win by default" when a petitioner is stymied by circumstances of the state's creation. See id. at 626–27. While AEDPA commands substantial deference to the decisions of state courts, "deference does not imply abandonment or abdication of judicial review." See id. at 626–27. Want of the trial transcript and other critical portions of the state-court record places the district court in a difficult position. See id. at 626–27. Nonetheless, the district court must undertake meaningful review of Register's claims. See id. at 626–27.

"As an initial step, the district court should determine whether the petitioner has made a preliminary showing that further factual development of his claims 'might be fruitful.'" Id. at 626. "If the district court determines the petitioner has made such a showing, it may, as it thinks appropriate, solicit from the trial judge a certificate setting forth the facts occurring at trial, allow the parties to take depositions and submit affidavits, and, if needed, conduct a live evidentiary hearing." Id. at 626.

"Second, there is the question of what role—if any—§ 2254(e)(1) and § 2254(f) should play in the district court's analysis. Under § 2254(e)(1), a state court's discrete

---

to Register's § 2254 habeas petition, the State alleged that it was impossible for Register to carry his burden of proof under AEDPA without a trial transcript. Register replied to the State's answer, again asserting that he had not been given access to his court transcripts. The district court then asked the State to obtain a copy of the trial transcript. Only then was it was found that the court reporter had lost her notes and could not provide a transcription."

factual findings are presumed to be correct, and the petitioner has the burden of rebutting the presumption of correctness by clear and convincing evidence." Id. at 629. "The presumption applies both to explicit findings of fact and to unarticulated findings which are necessary to the state court's conclusions of mixed law and fact." Id., 681 F.3d at 629. "Section 2254(f) modifies the § 2254(e)(1) presumption of correctness for instances in which a petitioner challenges the sufficiency of the evidence adduced in [the State habeas proceeding] to support the State court's determination of a factual issue." Id., at 629.

"In such instances, if neither the petitioner nor the State can provide the portion of the record pertinent to the petitioner's challenge, the court shall determine under the existing facts and circumstances what weight shall be given to the State court's factual determination." Id. at 629. The deference a federal habeas court must give to state court factfinding does not extend so far that it may simply rely upon the state court decision the petitioner identifies as denying his constitutional right to support the conclusion that they were not violated. See Magouirk v. Phillips, 144 F.3d 348, 362 (5th Cir. 1998) (a meaningful review of the sufficiency of the evidence cannot take place if the district court does not possess a trial transcript); see also Decloues v. Vannoy, 735 Fed. Appx. 132, 133 (5th Cir. 2018).

Cullen v. Pinholster limits habeas review under § 2254(d) to the record that was before the state court. See Register, 681 F.3d at 626–27 (citing Cullen v. Pinholster, 563 U.S. 170, 185 (2011)). In Register, the Fifth Circuit held that, where

6

the state court reviewing a state habeas petition had before it the state trial record,[3] which was subsequently lost prior to federal habeas review, Pinholster does not bar the federal district court from re-constructing, if it can, the record that the state courts had before them. See Register, 681 F.3d at 627.

As in Register, the state courts had Johnson's trial transcript and evidence when they reviewed Johnson's claims on direct appeal and post-conviction relief. Therefore, given these unusual and unfortunate circumstances, this Court can (and absent other options, must) attempt to reconstruct the trial transcript that was before the state courts.

## III. Johnson's trial transcript must be recreated.

Johnson claims there is insufficient evidence to support the amended verdict of manslaughter because he was defending himself. Johnson also claim he had ineffective assistance of trial counsel.

The Court has made an initial review of Johnson's claims and determined that, accepting Johnson's allegations as true, his claims do not lack merit on their face. It appears that further factual development of Johnson's claims "might be fruitful." However, the Court cannot make determinations as to the merits of Johnson's claims because the trial evidence and testimony are missing from the record. For instance, a meaningful sufficiency-of-the-evidence review cannot take place without a trial transcript. See Magouirk, 144 F.3d at 362. Rather, Johnson's claims must be

---

[3] Louisiana law requires the clerk or court reporter to record all of the proceedings in felony cases and in misdemeanor cases in which a record is requested. See State v. Bizette, 334 So.2d 392, 394 (La. 1976) (citing La. C. Cr. P. art. 843).

7

evaluated in the context of the evidence and testimony adduced at trial. See id. The Court requires a trial record to properly do so. The record need be supplemented only with those materials necessary for review of the petitioner's claims. See <u>Tabler v. Stephens</u>, 588 Fed. Appx. 297 (5th Cir. 2014), rev'd in other part, 591 Fed. Appx. 281 (5th Cir. 2015).

Therefore, the trial transcript and evidence must be reconstructed sufficiently for the Court to review Johnson's claims. To that end, an attorney will be appointed to represent Johnson.

IT IS ORDERED that the Office of the Federal Public Defender is appointed to represent Johnson in all further proceedings through the evidentiary hearing in this matter.

IT IS ORDERED that, **on or before August 30, 2019,** the parties must file with the Court any trial excerpts in their possession. Each party shall state in writing whether they stipulate as to the accuracy of each transcript and excerpt.

IT IS ORDERED that, **on or before August 30, 2019,** the parties must file with the Court any evidence that was adduced at trial, or copies thereof, including the report from the forensic pathologist. Each side shall state in writing whether they stipulate as to the accuracy of each piece of evidence submitted to the Court.

IT IS ORDERED that, **on or before August 30, 2019**, to the extent the parties cannot provide evidence or copies thereof, they will stipulate to a detailed description of each piece of unfound evidence that was introduced at trial.

8

IT IS ORDERED that, **on or before September 30, 2019,** the Respondent shall obtain from the state trial judge a written recollection of the testimony and evidence adduced at trial, for every witness who is unavailable and every piece of evidence that cannot be provided, and shall file that writing with the Court.

IT IS ORDERED that, for every trial transcript or item of evidence not provided, the parties may–in lieu of calling a witness, describing the evidence, or providing a written recollection from the trial judge–jointly stipulate in writing that such testimony or evidence is not relevant to this habeas proceeding. Such stipulations are due **on or before September 30, 2019.**

To the extent the parties cannot provide transcripts or excerpts of testimony and/or cannot stipulate to the accuracy of the transcripts and excerpts, a hearing will be held at which every witness who testified at trial and whose trial transcripts cannot be found, will testify as to what they said at trial. Accordingly, IT IS ORDERED that **on or before August 30, 2019**, Counsel shall file the names of any trial witnesses who are no longer available and the reason for their unavailability.

THUS DONE AND SIGNED in Alexandria, Louisiana on this __14th__ day of June, 2019.

_____
Joseph H.L. Perez-Montes
United States Magistrate Judge